NOT DESIGNATED FOR PUBLICATION

No. 122,707

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID BRADY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed June 11, 2021. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Douglas A. Matthews*, assistant county attorney, *M. Levi Morris*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., GARDNER and WARNER, JJ.

PER CURIAM: Defendant David Brady appeals the Barton County District Court's denial of his motion to suppress evidence, including his breath test results, in this prosecution for misdemeanor driving under the influence in violation of K.S.A. 2018 Supp. 8-1567(a). The district court correctly found the law enforcement officer who stopped and then arrested Brady for driving under the influence had lawful grounds to do both. The district court properly denied the motion to suppress. We, therefore, affirm that ruling and, in turn, Brady's convictions and sentences for the DUI and a companion charge of speeding.

1

Just after midnight on a Sunday in September 2018 (perhaps, in this case, reasonably thought of as an extension of the preceding Saturday night), Barton County Sheriff's Deputy Sierra Thorne observed Brady's pickup going 67 mph in a 55 mph zone, so she followed. Deputy Thorne saw the westbound pickup cross the center line of the road and move almost completely into the eastbound traffic lane. The road was clearly marked with a center line and fog lines.

Deputy Thorne initiated a traffic stop. Brady promptly pulled over. Upon contacting Brady in his pickup, Deputy Thorne immediately recognized a strong odor of alcohol about him. Brady's speech was slurred, and his eyes were bloodshot. Brady had difficulty retrieving his driver's license and insurance card in response to Deputy Thorne's request. Brady admitted to having drunk one beer.

Deputy Thorne demonstrated and then asked Brady to perform a pair of field sobriety tests: the walk-and-turn and the one-leg stand. Brady told Deputy Thorne he would do poorly because he had hip replacements. True to his prediction, Brady didn't do well on the tests. Deputy Thorne did not ask Brady to do any other tests to measure his physical dexterity or mental acuity. At the suppression hearing, she testified that a preliminary breath test was "unavailable," so she did not offer Brady the opportunity to take one.

Based on those circumstances, Deputy Thorne arrested Brady for driving under the influence and transported him to the Barton County Jail. At the jail, Brady took a breathalyzer test that showed him to be well over the legal blood-alcohol level. The State charged Brady with speeding and a misdemeanor violation of K.S.A. 2018 Supp. 8-1567(a)(2) for driving under the influence based on his having a blood-alcohol level of .08 or more within three hours after operating a motor vehicle.

As we have indicated, Brady filed a motion to suppress the evidence against him. The district court held a hearing on the motion in June 2019 at which Deputy Thorne was the only witness and testified as we have already outlined. The district court denied the motion. The district court convicted Brady of DUI and speeding in a bench trial on stipulated facts in October 2019 and about four months later imposed statutory punishments on those convictions. Brady has appealed.

For his sole issue on appeal, Brady contends the district court erred in finding Deputy Thorne had probable cause to arrest him for DUI and, therefore, should have suppressed the breath test results—a piece of evidence critical to the conviction under K.S.A. 2018 Supp. 8-1567(a)(2).

Typically, an arrest made without probable cause or a warrant amounts to an unreasonable seizure violating the arrestee's rights protected in the Fourth Amendment to the United States Constitution. See *State v. Ingram*, 279 Kan. 745, Syl. ¶ 2, 113 P.3d 228 (2005). And, in turn, district courts commonly suppress evidence government agents seize in violation of a defendant's Fourth Amendment rights. See *United States v. Leon*, 468 U.S. 897, 908-09, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984) ("The Court has, to be sure, not seriously questioned, 'in the absence of a more efficacious sanction, the continued application of the rule to suppress evidence from the [prosecution's] case where a Fourth Amendment violation has been substantial and deliberate.'"). Conversely, government agents may lawfully administer breath tests to persons arrested on probable cause to believe they have been driving under the influence. See K.S.A. 2020 Supp. 8-1001(b)(1); *Birchfield v. North Dakota*, 579 U.S. __, 136 S. Ct. 2160, 2184, 195 L. Ed. 2d 560 (2016) (holding warrantless breath test constitutionally permissible if conducted as a search incident to arrest); *State v. Ryce*, 306 Kan. 682, 699-700, 396 P.3d 711 (2017).

Probable cause is a somewhat elastic measure of proof requiring sufficient evidence to cause a person of reasonable prudence to believe a crime has been committed and the defendant committed it. *State v. Keenan*, 304 Kan. 986, 994, 377 P.3d 439 (2016); *Ingram*, 279 Kan. 745, Syl. ¶ 6. Probable cause establishes something to be more than a reasonable suspicion but not so much as more probably true than not true. In assessing probable cause for Fourth Amendment purposes, the district court must consider how an objectively reasonable law enforcement officer would view the circumstances. *Keenan*, 304 Kan. at 994. The subjective belief or conclusion of the arresting officer is irrelevant.

In reviewing a district court's ruling on a motion to suppress, we apply a bifurcated standard:  We accept factual findings if they are supported by competent evidence having some substance and exercise plenary review over legal conclusions based upon those findings, including the ultimate ruling on the motion. *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016); *State v. Woolverton*, 284 Kan. 59, 70, 159 P.3d 985 (2007). The State bears the burden of proving a search or seizure to be constitutionally acceptable by a preponderance of the evidence. *Patterson*, 304 Kan. at 272. Here, the material facts all derive from Deputy Thorne's testimony at the suppression hearing and are not materially disputed. What remains for us is functionally a question of law. *Patterson*, 304 Kan. at 274.

With those principles in mind, we examine the evidence from the suppression hearing. The testimony the district court credited showed Brady was driving somewhat over the speed limit, although not remarkably so. But that alone furnished a sufficient legal basis for Deputy Thorne to have stopped him. There was, however, more. Brady badly navigated his pickup, traveling well into the lane for oncoming traffic—a potentially dangerous lapse indicative of impairment.

Deputy Thorne's interaction with Brady only enhanced the evidence of impairment and included his mushy speech and his inability to readily retrieve and present his driver's license. Brady smelled of alcohol and admitted drinking, if only relatively minimally. Deputy Thorne also properly took account of Brady's poor performance on the two field sobriety tests notwithstanding his explanation deflecting from his apparent intoxication to a chronic physical limitation. See *City of Dodge City v. Norton*, 262 Kan. 199, 204-05, 936 P.2d 1356 (1997). The constellation of evidence furnished Deputy Thorne with probable cause to arrest Brady for DUI and to request that he take a breath test. Most of the indicators of intoxication had nothing to do with Brady's claimed physical limitation because of his hips.

On appeal, Brady attempts to avert that result by arguing Deputy Thorne should have allowed him to perform what he characterizes as nonphysical tests, such as reciting the alphabet or counting backward from 100 by some set amount, and should have offered him a preliminary breath test. But Deputy Thorne had no obligation to do any of that in light of the existing circumstances establishing probable cause. A law enforcement officer with sufficient evidence for probable cause to arrest need not continue investigating to add to that evidence or to test that evidence before making the arrest.

The district court correctly found Deputy Thorne had probable cause to arrest Brady for DUI and to request he take a breath test. And the district court, therefore, properly denied the motion to suppress the breath test results. We find no error and affirm that ruling. Since Brady launches no other challenges to his convictions or sentences, they stand, as well.

Affirmed.